IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHRISTOPHER J. REED, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:04-CV-2139-K |
| | § | |
| CITY OF GARLAND, TEXAS, ET AL., | § | |
| | § | |
| Defendants. | § | |

## **MEMORANDUM OPINION AND ORDER**

Before the court is Defendants' Motion for Summary Judgment, filed July 27, 2007. After review and consideration of the motion, summary judgment evidence, and the applicable law, the court has determined that the motion should be **granted in part**, and **denied in part**. The court finds that as to Plaintiff's claims against Defendants Larry Wilson and the City of Garland, there is no genuine issue of material fact present in the summary judgment record, and these Defendants are therefore entitled to judgment as a matter of law. Conversely, with regard to the claims against Defendants Shawn Harrison and Gary Collins, the court finds that Plaintiff has raised material issues of fact in his opposition to their request for summary judgment, and therefore denies summary judgment on these claims. Finally, Plaintiff's Objections to Defendants' Summary Judgment Evidence are **denied as moot.**

I. Factual and Procedural Background

Defendants Shawn Harrison ("Harrison") and Gary Collins ("Collins") are law enforcement officers for Defendant City of Garland (the "City"). On October 3, 2002, Harrison was on a routine patrol when a vehicle driven by Plaintiff passed his squad car at a high rate of speed. After seeing Plaintiff make an unsafe lane change without signaling, Harrison attempted to stop Plaintiff. Plaintiff continued driving after Harrison activated his overhead lights, weaving from one side of the lane to the other. Harrison requested backup from the City's police dispatch and continued to follow Plaintiff, who eventually stopped at the intersection of Arapaho and North Shiloh Road.

Collins arrived on the scene to provide backup, and Harrison shouted at Plaintiff to get out of his car. After multiple requests, Plaintiff got out of his car with his hands up. Harrison approached Plaintiff and handcuffed him. The dash-mounted video from Harrison's squad car shows that Plaintiff was forced to the ground by Harrison, either because he fell or was dropped, or he may have been intentionally slammed down. On the video, Harrison is heard stating that he "slammed" Plaintiff. Plaintiff cut his chin when his face hit the ground, and an ambulance was summoned. After Plaintiff refused to be transported by ambulance, Harrison took him to the hospital in his squad car, where he received medical treatment. Plaintiff's blood alcohol was also tested at the hospital, and was .35 grams of alcohol per 100 ml, which exceeded the legal limit of .08 grams per 100 ml.

Plaintiff initially complained to the City regarding the circumstances of his arrest. On January 10, 2003, Chief of Police Larry Wilson ("Wilson") responded to Plaintiff's complaint, stating that the incident had been investigated and that he had determined that Harrison and Collins acted lawfully and in accordance with department policy. Plaintiff filed suit against Defendants on October 1, 2004, pleading various claims related to his arrest. He filed his First Amended Complaint on February 15, 2007. After some Defendants moved to dismiss, the court dismissed some of Plaintiff's claims on June 18, 2007. Defendants now move for summary judgment on the remainder of Plaintiff's claims.

## II. Summary Judgment Standard

Summary judgment is appropriate when the pleadings, affidavits and other summary judgment evidence show that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2551 (1986). The moving party bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact. *Celotex,* 477 U.S. at 322-25, 106 S.Ct. at 2551-54. Once a movant makes a properly supported motion, the burden shifts to the nonmovant to show that summary judgment should not be granted; the nonmovant may not rest upon allegations in the pleadings, but must support the response to the motion with summary judgment evidence showing the existence of a genuine fact issue for trial. *Id.* at 321-25, 106 S.Ct. at 2551-54; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255-57,

106 S.Ct. 2505, 2513-14 (1986). All evidence and reasonable inferences must be viewed in the light most favorable to the nonmovant. *United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993 (1962).

### III. Defendants' Motion for Summary Judgment

Remaining in this case prior to this order are Plaintiff's 42 U.S.C. § 1983 claims against Harrison and Collins for excessive force and for battery under state law. Also still pending prior to this order are his section 1983 claim against the City, and his section 1983 claim against Wilson for alleged failure to instruct, supervise, control and discipline Harrison and Collins.

#### A. 42 U.S.C. § 1983 Claim Against the City

Although municipal liability exists under 42 U.S.C. § 1983, there is no *respondeat superior* liability for such constitutional deprivations. *Bd. of County Commissioners of Bryan County, OK v. Brown,* 503 U.S. 397, 403 (1997); *Pineda v. City of Houston,* 291 F.3d 325, 328 (5th Cir. 2002); *see also Madrid v. Anthony,* ___F. Supp.2d___, 2007 WL 2782360, *4 n.16 (S.D. Tex. 2007) (municipality cannot be held liable under section 1983 because it employs a tortfeasor under a *respondeat superior* theory). Rather, the City's liability under section 1983 depends upon proof of three elements: a policymaker, an official policy, and a violation of the plaintiff's constitutional rights whose "moving force" is the policy or custom. *Monell v. Dept. of Soc. Svcs.,* 436 U.S. 658, 694 (1978); *Piotrowski v. City of Houston,* 237 F.3d 567, 578 (5th Cir.), *cert. denied,* 534 U.S. 820 (2001). The court will review the summary judgment evidence as to each of these elements.

1.      **Policymaker**

Plaintiff states on summary judgment that Wilson was the applicable policymaker, citing to the City's Charter. However, it is undisputed that the Charter states that departmental directors shall have supervision and control of their departments, subject to the City Manager. For purposes of liability under section 1983, the policymaker must have final authority to set the policy at issue. *City of St. Louis v. Praprotnik,* 485 U.S. 112, 127 (1988); *Brown v. City of Houston,* 337 F.3d 539, 541 (5th Cir. 2003); *Brittany B. v. Martinez,* 494 F. Supp.2d 534, 540 (W.D. Tex. 2007). Because the Charter states that Wilson's decision-making power was subject to the approval of the City Manager, Plaintiff has not raised a material fact issue whether Wilson was the official policymaker regarding police procedures and particularly those procedures that apply to an arrest of an individual such as Plaintiff. *See Brown,* 337 F.3d at 541 (where mayor did not have final authority to terminate Plaintiff, and Plaintiff's termination was reviewed by civil service commission, mayor was not policymaker for purposes of municipal liability).

2.      **Official Policy or Custom**

Municipal policy for purposes of section 1983 liability may be found in a policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority. *Johnson v. Deep East Texas Regional Narcotics Trafficking Task Force,* 379 F.3d 293, 309 (5th Cir. 2004), *citing Johnson v. Moore,* 958 F.2d 92, 94 (5th Cir. 1992). Alternatively, municipal policy under section 1983 can be a persistent,

5

widespread practice of municipal officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy. *Id.* Actual or constructive knowledge of such custom must be attributable to the governing body of the municipality or to an official to whom that body had delegated policy-making authority. *Id.*

By requiring the plaintiff to identify a policy or widespread practice or custom, a municipality is held liable only for constitutional deprivations resulting from decisions of officials whose acts may fairly be said to be those of the municipality. *Bd. of County Commissioners of Bryan County,* 520 U.S. at 403-04, *citing Monell,* 436 U.S. at 691. Moreover, a plaintiff must demonstrate the municipality's *deliberate* conduct was the moving force behind the injury alleged. *Id.* at 404 (emphasis in original). To show deliberate indifference, a plaintiff must show that the defendant 1) was aware of facts from which an inference of an excessive risk to the plaintiff's health or safety could be drawn, and 2) that the defendant actually drew an inference that such potential for harm existed. *Bradley v. Puckett,* 157 F.3d 1022, 1025 (5th Cir. 1998). In other words, a plaintiff must sufficiently show that government officials knew of the risk, and intentionally disregarded that risk. *Harris v. Hegmann,* 198 F.3d 153, 159 (5th Cir. 1999). A further predicate for proof of deliberate indifference is that the plaintiffs must generally demonstrate at least a pattern of similar violations of constitutional rights. *Johnson,* 379 F.3d at 309; *Burge v. St. Tammany Parish,* 336 F.3d 363, 373 (5th Cir. 2003). The City contends that it is entitled to summary judgment on Plaintiff's section 1983 claim

6

because Plaintiff has not set forth sufficient proof of an official policy or custom that caused his injuries. In support of its motion, the City cites to Plaintiff's testimony that Harrison and Collins violated the City's official policies *against* the excessive use of force, thereby causing him harm. In response, Plaintiff states that the policy prohibiting excessive force in making an arrest (and Wilson's determination that Harrison and Collins acted lawfully and did not violate that policy) is the official policy upon which the City can be held liable under section 1983.

Plaintiff's proof of a City policy prohibiting excessive force does not sufficiently raise a material issue of fact regarding the existence of an unconstitutional policy or custom condoning the excessive use of force. Likewise, Plaintiff's argument that Wilson's finding that the conduct of Harrison and Collins was in accordance with that policy itself amounts to an unconstitutional policy will not rescue this element of his claim, as he has not provided sufficient evidence on summary judgment to show that Wilson was a policymaker. Finally, Plaintiff has presented no evidence of any similar incidents of excessive force (or incidents showing that the use of excessive force is regularly condoned by City officials) that would suggest a pattern of violations supporting a finding of deliberate indifference by the City. Accordingly, Plaintiff has failed to raise a genuine issue of material fact regarding this essential element of his section 1983 claim against the City.

### 3. Underlying Constitutional Violation/Moving Force

Finally, the court must evaluate the third element of municipal liability -- whether Plaintiff suffered a violation of his Fourth Amendment rights, and whether an official policy or practice of the City was a "moving force" behind that violation. *Piotrowski,* 237 F.3d at 578. To show moving force, Plaintiff is required to adduce evidence that the City's policy or practice affirmatively caused the alleged constitutional injury. *Bd. of County Commissioners of Bryan County,* 520 U.S. at 404; *Fraire v. City of Arlington,* 957 F.2d 1268, 1281 (5th Cir. 1992). Here, Plaintiff has failed to present sufficient evidence of such a policy, custom, or practice. Thus, Plaintiff also has not raised a genuine issue of material fact as to whether any policy or practice of the City caused his alleged injury. The court will enter summary judgment on Plaintiff's section 1983 claim against the City.

### B. 42 U.S.C. § 1983 Claim Against Wilson

Plaintiff claims that Wilson is liable to him under section 1983 for failing to instruct, supervise, control and discipline Harrison and Collins. Because he has been sued in his individual capacity, Wilson is entitled to raise, and has raised, the affirmative defense of qualified immunity.

### 1. Standards for Qualified Immunity

The doctrine of qualified immunity protects government officials performing discretionary functions from civil liability if their conduct violates no clearly established statutory or constitutional right of which a reasonable person would have known. *Evans v. Ball,* 168 F.3d 856, 860 (5th Cir. 1999); *Sorenson v. Ferrie,* 134 F.3d 325, 327 (5th Cir.

1998). Qualified immunity is an affirmative defense not only to liability, it also provides government officials immunity from suit. *Mitchell v. Forsyth,* 472 U.S. 511, 526 (1985); *Matherne v. Wilson,* 851 F.2d 752, 756 (5th Cir. 1988). Whether an official is entitled to qualified immunity depends upon whether his or her actions were objectively reasonable in light of then clearly established law. *Anderson v. Creighton,* 483 U.S. 635, 638-39 (1987); *Bazan v. Hidalgo County,* 246 F.3d 481, 488 (5th Cir. 2001).

To evaluate a claim of qualified immunity, a court must first determine whether Plaintiffs have alleged a violation of a clearly established constitutional right. *Wilson v. Layne,* 526 U.S. 603, 609 (1999); *Bazan,* 246 F.3d at 490; *Kipps v. Caillier,* 197 F.3d 765, 768 (5th Cir. 1999), *cert. denied,* 531 U.S. 816 (2000). Next, the court must decide whether the right was clearly established at the time of the alleged violation. *Wilson,* 526 U.S. at 609; *Kipps,* 197 F.3d at 768. For purposes of qualified immunity, a right is "clearly established" only when its contours are sufficiently clear that a reasonable public official would have realized or understood that what he was doing violates that right. *Anderson,* 483 U.S. at 640. Finally, the court must determine whether the record shows that the violation occurred, or at least gives rise to a genuine issue of material fact as to whether the defendant actually engaged in the conduct that violated the clearly-established right. *Kipps,* 197 F.3d at 768, *citing Morris v. Dearborne,* 181 F.3d 657, 665 (5th Cir. 1999). If it is determined that the official's conduct was unconstitutional, then the court must decide whether the conduct was nonetheless "objectively reasonable." *Id.*, *citing Eugene v. Alief Indep. School Dist.,* 65 F.3d 1299, 1305 (5th Cir. 1995), *cert. denied,* 517

9

U.S. 1191 (1996).

The qualified immunity doctrine does not demand perfection from law enforcement officers, giving "'ample room for mistaken judgments' by protecting 'all but the plainly incompetent or those who knowingly violate the law.'" *Hunter v. Bryant,* 502 U.S. 224, 228 (1991), *quoting Malley v. Briggs,* 475 U.S. 335, 341 (1986). Thus, if officers of reasonable competence *could* disagree as to the propriety of the law enforcement officer's actions, immunity should be recognized. *Gibson v. Rich,* 44 F.3d 274, 277 (5th Cir. 1995); *Babb v. Dorman,* 33 F.3d 472, 477 (5th Cir. 1994).

### 2. Qualified Immunity Analysis

Wilson contends that Plaintiff's claims against him must be dismissed because he is protected by qualified immunity. Plaintiff responds that he has sufficient proof of Wilson's alleged failure to train and supervise Harrison and Collins because Wilson did not discipline or reprimand the officers following Plaintiff's complaint. Based on this single example, Plaintiff contends that "a jury would be entitled to conclude" that the use of excessive force is "accepted as the way things are done and have been done in the City of Garland," and that Wilson's reaction to the alleged excessive force used in this case is more compelling than proof of a dozen incidents would be. Although this evidence gives Plaintiff opportunity to speculate as to the operation of the Garland Police Department, unsubstantiated beliefs, conclusory allegations, and opinions of fact are not competent evidence that will permit him to avoid summary judgment. *Morris v. Covan World Wide Moving, Inc.,* 144 F.3d 377, 380 (5th Cir. 1998); *Grimes v. Texas Dept. of Mental Health and*

10

*Mental Retardation,* 102 F.3d 137, 139-40 (5th Cir. 1996).

Supervisory officials cannot be held liable under section 1983 for the actions of their subordinates when such liability is premised merely on vicarious or *respondeat superior* liability. *Estate of Davis v. City of North Richland Hills,* 406 F.3d 375, 381 (5th Cir. 2005), *citing City of Canton v. Harris,* 489 U.S. 378, 385 (1989). Rather, Plaintiff must show that Wilson's conduct denied him his constitutional rights. *Davis,* 406 F.3d at 381.

Plaintiffs claims that Wilson should be personally liable under section 1983 for Harrison and Collins's alleged use of excessive force because he failed to properly train them in the avoidance of excessive force, and did not properly supervise or discipline them. When the plaintiff alleges a failure to train or supervise, he must show that 1) the supervisor either failed to supervise or train the subordinate official; 2) a causal link exists between the failure to train or supervise and the violation of the plaintiff's rights; and 3) the failure to train or supervise amounts to deliberate indifference. *Id.*

The standard of proof for deliberate indifference is "stringent" – a plaintiff must show that a municipal actor disregarded a known or obvious consequence of his action. *Id., citing Board of County Comm'rs of Bryan County,* 520 U.S. at 410; *see also Doe v. Dallas Indep. Sch. Dist.,* 153 F.3d 211, 219 (5th Cir. 1998) (standard for deliberate indifference is high). "For an official to act with deliberate indifference, the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id., quoting Smith v. Brenoettsy,* 158 F.3d 908, 912 (5th Cir. 1998). Deliberate indifference requires a showing of more than

negligence or even gross negligence. *Id.* "Actions and decisions by officials that are merely inept, erroneous, ineffective or negligent do not amount to deliberate indifference and do not divest officials of qualified immunity." *Id., quoting Alton v. Texas A&M Univ.,* 168 F.3d 196, 201 (5th Cir. 1999). "To satisfy the deliberate indifference prong, a plaintiff usually must demonstrate a pattern of violations and that the inadequacy of the training is 'obvious and obviously likely to result in a constitutional violation.'" *Cousin v. Small,* 325 F.3d 627, 637 (5th Cir. 2003), *quoting Thompson v. Upshur County,* 245 F.3d 447, 459 (5th Cir. 2001).

Plaintiff has presented no facts on summary judgment from which Wilson should have drawn the conclusion that Harrison and Collins were not sufficiently trained regarding the use of excessive force, so that there was a substantial risk of serious harm, nor has he offered any facts showing that Wilson actually drew that critical inference, but deliberately disregarded it. Moreover, Plaintiff has not shown evidence of any other incidents - let alone a "pattern of violations" – to support his allegation of deliberate indifference by Wilson relating to a need for such training.

Similarly, Plaintiff has not set forth facts showing that prior to the incident at issue here, Harrison or Collins had a "known propensity for the improper use of force," and that Wilson was aware of such a propensity and deliberately disregarded it, thus acting to cause Plaintiff's injuries. *Roberts v. City of Shreveport,* 397 F.3d 287, 292 (5th Cir. 2005); *Sims v. Adams,* 537 F.2d 829, 832 (5th Cir. 1976); *Chestnut v. City of Quincy,* 513 F.2d 91, 92 (5th Cir. 1975). Again, to establish the necessary deliberate indifference of

a municipal official, the plaintiff must demonstrate "at least pattern of similar violations" showing that the disputed training or supervision is so clearly inadequate as to be obviously likely to result in a constitutional violation. *Roberts,* 397 F.3d at 292, *citing Burge,* 336 F.3d at 370. Here, Plaintiff has not raised a genuine issue of material fact concerning deliberate indifference by Wilson. Accordingly, the court finds that Wilson is entitled to qualified immunity, and therefore summary judgment should be entered for Wilson on this claim.

### C. Claims Against Harrison and Collins

The remaining claims in this matter are Plaintiff's claims against Harrison and Collins for claim for excessive force as prohibited by 42 U.S.C. § 1983, and for battery under Texas law. With regard to these claims, after review of the summary judgment record, the court has determined that there are genuine issues of material fact present that preclude the entry of summary judgment. Accordingly, the court denies Harrison and Collins's requests for summary dismissal of these claims.

### IV. Plaintiff's Objections to Defendant's Summary Judgment Evidence

The court has reviewed Plaintiff's objections, and has determined that it reaches the same conclusions with respect to Defendants' Motion for Summary Judgment whether or not the contested evidence is considered. Therefore, Plaintiff's Objections to Defendants' Summary Judgment Evidence are **denied as moot.**

## V. Conclusion

For the reasons stated herein, Defendants' Motion for Summary Judgment is **granted in part**, and **denied in part**. With respect to Plaintiff's remaining claims against Wilson and the City of Garland, the motion is **granted**, and these claims are **dismissed with prejudice**. As to Plaintiff's claims against Harrison and Collins, the motion is **denied**. Plaintiff's Objections to Defendants' Summary Judgment Evidence are **denied as moot**.

**SO ORDERED.**

Signed October 9th, 2007.

_____
ED KINKEADE
UNITED STATES DISTRICT JUDGE